<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTER METALS GROUP,<br><br>       *Plaintiff*,<br><br>v.<br><br>CENTRANS MARINE SHIPPING, APM TERMINALS ELIZABETH LLC, C.J. INTERNATIONAL, INC., MAVERICK TRANSPORT INC., P&A TRANSPORTATION, LLC, D2 LOGISTICS, INC., CHINA PACIFIC PROPERTY INSURANCE COMPANY, LTD., and TRANSATLANTIC MARINE CLAIMS AGENCY, INC.,<br><br>       *Defendants*. | Civil Action No. 20-7424<br><br><u>OPINION</u> |

<u>**John Michael Vazquez, U.S.D.J.**</u>

      This matter concerns a shipping container that had no cargo when it was delivered to Plaintiff Inter Metals Group ("IMG"). IMG brings claims against various parties involved in the shipping process: Centrans Marine Shipping ("Centrans"); C.J. International, Inc. ("C.J."); Maverick Transport Inc. ("Maverick"); and Transatlantic Marine Claims Agency, Inc. ("TMCA") (collectively, "Defendants"). D.E. 49. Presently before the Court are (1) motions to dismiss the Amended Complaint filed by C.J., D.E. 60, and Centrans, D.E. 61, and joined in part by Maverick, D.E. 63; (2) Centrans' motion to dismiss the crossclaims filed by APM Terminals Elizabeth, LLC ("APM"), Maverick, and C.J., D.E. 18, renewed at D.E. 73; and (3) Maverick's motion for joinder to Centrans' motion to dismiss and for judgment on the pleadings, D.E. 30, renewed at D.E. 56.

The Court reviewed all submissions in support and in opposition[1] and considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed below, the motions to dismiss the Amended Complaint are **GRANTED in part** and **DENIED in part** pursuant to Federal Rule of Civil Procedure 12(b)(6), and Centrans' motion to dismiss Co-Defendants' crossclaims is **GRANTED**. Because the Court's ruling on the motions to dismiss grants the relief sought in Maverick's motion for judgment on the pleadings, the motion is **DENIED as moot.**

I.  **BACKGROUND**[2]

Plaintiff IMG is a business headquartered in York, Pennsylvania. AC ¶¶ 1, 25. On November 8, 2018, a shipping container with 20,010 kilograms of copper wire was loaded aboard a ship bound from China to the consignee, Centrans, in Newark, New Jersey. *Id.* ¶¶ 2-3. On December 11, 2018, Centrans circulated an "Arrival Notice/Freight Invoice" indicating that the cargo weight of the container was 20,010 kilograms. *Id.* ¶ 16. After U.S. Customs cleared the shipping container, an agent of C.J. signed an U.S. Customs "Entry Summary" form noting that

---

[1] C.J.'s brief in support of its motion to dismiss, D.E. 60 ("C.J. Br."); Centrans' brief in support of its motion to dismiss, D.E. 61 ("Centrans Br."); C.J.'s letter joining portions of Centrans' motion to dismiss, D.E. 62; Maverick's letter joining portions of Centrans' motion to dismiss, D.E. 63; IMG's opposition to C.J.'s motion to dismiss, D.E. 70; IMG's opposition to Centrans' motion to dismiss, D.E. 71; IMG's letter responding to Maverick's letter joining portions of Centrans' motion to dismiss, D.E. 71; C.J.'s reply brief, D.E. 76 ("C.J. Reply"); Centrans' reply brief, D.E. 75; Centrans' motion to dismiss the crossclaims, D.E. 18, renewed at D.E. 73 ("Centrans Crossclaims Br."); and Maverick's motion for joinder to Centrans' motion to dismiss and judgment on the pleadings, D.E. 30, renewed at D.E. 56 ("Maverick Br.").

[2] The factual background is taken from the Amended Complaint ("AC"), D.E. 49. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Plaintiff's opposition briefs, D.E. 70, 71, contain additional factual allegations, but "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation omitted).

the shipment weight was 20,010 kilograms. *Id.* ¶¶ 18-19. IMG claims upon information and belief that the shipping container was warehoused and under C.J.'s control as of at least December 19, 2018. *Id.* ¶ 21. On December 27, 2018, Maverick was issued a "Delivery Order" from C.J. to pick up the container and deliver it to IMG in Pennsylvania. *Id.* ¶ 22. On January 3, 2019, the shipping container was removed from the terminal under a ticket noting that the cargo weight was "17.81 MT." *Id.* ¶ 23. Later that day, during transfer of the container, an automatic "Equipment Interchange Receipt" indicated that the cargo weight was zero. *Id.* ¶ 24. On January 4, 2019, the shipping container was delivered to IMG and found to be empty. *Id.* ¶ 25. IMG submitted an insurance claim to TMCA, which was denied. *Id.* ¶ 26.

IMG commenced this action on June 18, 2020, D.E. 1, and filed an Amended Complaint on July 11, 2021, D.E. 49. The Amended Complaint brings claims under the Interstate Commerce Act, 49 U.S.C. 101, *et seq.*, against Centrans, C.J., Maverick, and TMCA. AC ¶¶ 27-73. Plaintiff also brings various state law claims against the Defendants. *Id.* ¶¶ 75-263. The current motions to dismiss the Amended Complaint followed. Additionally, Centrans renewed its motion to dismiss the crossclaims of APM, Maverick, and C.J, D.E. 73, and Maverick renewed its joinder with Centrans' motion to dismiss and motion for judgment on the pleadings, D.E. 56.

**II.     STANDARD OF REVIEW**

Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a

plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). A court "must accept all of the complaint's well-pleaded facts as true." *Id.* at 210. However, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a plausible claim. *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

A motion to dismiss a crossclaim is governed by the same Rule 12(b)(6) standard. *See Merchants Mut. Ins. Co. v. 215 14th St., LLC*, Civ. No. 19-9206, 2020 WL 634149, at *1 (D.N.J. Feb. 10, 2020) ("When deciding a motion to dismiss a crossclaim or counterclaim under Rule 12(b)(6), the Court undertakes the same analysis as it would for claims in a complaint."); *see also In re Winer Fam. Tr.*, Civ. No. 05-3394, 2006 WL 3779717, at *2 (3d Cir. Dec. 22, 2006) (reviewing the district court's motion to dismiss a crossclaim under the Rule 12(b)(6) standard).

4

### III. ANALYSIS

#### A. Interstate Commerce Act Claims

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment"), governs the field of interstate shipping. *See Certain Underwriters at Int. at Lloyds of London v. UPS of Am., Inc.*, 762 F.3d 332, 335 (3d Cir. 2014). Under the Carmack Amendment, a shipper can sue any carrier of the cargo, not just the original carrier. *AMG Res. Corp. v. Wooster Motor Ways, Inc.*, 796 F. App'x 96, 99 (3d Cir. 2020). "To establish a *prima facie* case against a carrier under the Carmack Amendment, a shipper must prove (1) delivery of goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of the damages." *Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 140 (3d Cir. 2017) (internal quotation omitted).

Plaintiff brings Carmack Amendment claims against Centrans, C.J., Maverick, and TMCA. Plaintiff alleges that each of these Defendants is a carrier. *See* AC ¶¶ 29-30 (Centrans), ¶¶ 43-44 (C.J.), ¶ 54 (Maverick), ¶¶ 65-66 (TMCA). Centrans argues that it is not subject to IMG's Carmack Amendment claim because IMG has not plausibly alleged that Centrans acted as an interstate carrier. Centrans Br. at 16-20. Specifically, Centrans contends that the Arrival Notice and bills of lading show that Centrans' role was limited to the ocean carriage, the consignee, and the notify party. *Id.* at 18. However, at the motion to dismiss stage, "[i]t is inappropriate…to make any factual determinations regarding the precise nature of [Centrans'] business status and/or activities as to the transactions at issue." *Hartford Fire Ins. Co. v. Dynamic Worldwide Logistics, Inc.*, Civ. No. 17-553, 2017 WL 3868702, at *2 (D.N.J. Sept. 5, 2017) (rejecting the defendant's argument that the Carmack Amendment did not apply because the defendant was a freight broker and not a "carrier" and denying motion to dismiss). Thus, at this juncture, the Court "is bound by the

allegations in the [Amended] Complaint," identifying Centrans as a carrier. *Id.* at *2. Maverick joins in this portion of Centrans' motion, contending that it is a broker rather than a carrier. D.E. 63 at 1. Maverick's argument fails for the same reasons. C.J. similarly asserts in its reply brief that it acted as a property broker, not a carrier. C.J. Reply at 8-9. C.J.'s argument fails for the same reasons and for the additional reason that a court "will not consider new arguments raised for the first time in a reply brief." *Islam v. City of Bridgeton*, 804 F. Supp. 2d 190, 197 (D.N.J. 2011).

Plaintiff's claims are sufficient to bring a *prima facie* case under the Carmack Amendment. As to the first prong, Plaintiff has alleged delivery of the goods to the initial carrier in good condition because IMG alleges that there was no change in the shipping container's cargo weight between departure and delivery to the initial carrier, Centrans. AC ¶¶ 14-16. Plaintiff further alleges that the shipping container was empty when it arrived at its final destination, *id.* ¶ 25, and seeks damages of $110,000 for the value of the cargo, *id.* ¶ 263, thereby satisfying the second and third prongs.

C.J. contends that Plaintiff's Carmack Amendment claim is factually insufficient because Plaintiff fails to allege how C.J. had a duty to IMG, and in what manner C.J. breached that duty. C.J. Br. at 12. However, such allegations are not necessary for Plaintiff to state a claim under the Carmack Amendment. Accordingly, Plaintiff has sufficiently stated a claim under the Carmack Amendment. *See Tokio Marine Am. Ins. Co. v. Jan Packaging*, No. CV 17-7491 (JLL), 2017 WL 6021858, at *2 (D.N.J. Dec. 4, 2017) (finding that the plaintiff's Carmack Amendment claims survived a motion to dismiss where the plaintiff alleged that the defendant was hired to transport cargo in interstate commerce; the cargo was given to the defendant in good condition; the cargo was damaged when it arrived; and the amount of damages); *Hartford Fire Ins. Co.*, 2017 WL

3868702, at *2 (finding that dismissal of the plaintiff's Carmack Amendment claim was inappropriate where the plaintiff alleged that the defendant was a motor carrier who received the cargo in good condition but failed to deliver those goods to their destination in the same condition).

For the foregoing reasons, the motions to dismiss Plaintiff's Carmack Amendment claims are denied on these grounds.

### B. State Law Claims

Plaintiff also brings various state law claims against Defendants, including negligence, unlawful interference with prospective economic advantage, conversion, common law fraud, and New Jersey Consumer Fraud Act claims. AC ¶¶ 75-263. Plaintiff's state law claims are preempted by both the Carmack Amendment and the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c) (the "FAAAA").

The Supremacy Clause of the Constitution provides that federal law "shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. States are free to legislate as they see fit, "subject only to limitations imposed by the Supremacy Clause." *Tafflin v. Levitt*, 492 U.S. 455, 458 (1990). Federal law "preempts" state law in three situations: "(1) when a federal statute includes 'an express provision for preemption'; (2) '[w]hen Congress intends federal law to "occupy the field" in an area of law; and (3) when a state and federal statue are in conflict." *In re Foxomax (Alendronate Sodium) Products Liability Litigation (No. II)*, 751 F.3d 150, 158-159 (3d Cir. 2014) (internal citations omitted).

"[T]he Carmack Amendment provides the *exclusive* cause of action for loss or damage to goods transported by a motor carrier." *AMG Res. Corp.*, 796 F. App'x at 100 (emphasis added); *see also Certain Underwriters*, 782 F.3d at 335 ("For over one hundred years, the Supreme Court has consistently held that the Carmack Amendment has completely occupied the field of interstate

7

shipping."). Circuit courts "have consistently held that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract [and tort] claims alleging loss or damage to property." *Id.* at 336.

Further, the FAAAA expressly preempts state and common law claims against motor carriers, brokers, and freight forwarders. Specifically, the statute provides that "a State…may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier…broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). Other courts in this district have found that the "other provision having the force and effect of law" includes state common law. *See Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 257 (D.N.J. 2016) (dismissing common law claims for breach of bailment and negligence because they were expressly preempted by the FAAAA and Interstate Commerce Commission Termination Act). Similarly, courts in this district have also recognized that the FAAAA preempts state tort claims. *See AMG Res. Corp. v. Wooster Motor Ways, Inc.*, Civ. No. 15-3716, 2019 WL 192900, at *4 (D.N.J. Jan. 14, 2019) (holding that claims for conversion, breach of the covenant of good faith and fair dealing, negligence, violation of the New Jersey Consumer Fraud Act, and unjust enrichment arising from the non-delivery of a shipment of copper were preempted by the FAAAA and Interstate Commerce Commission Termination Act), *aff'd*, 796 F. App'x 96 (3d Cir. 2020).

Here, the Amended Complaint alleges that Centrans is a broker, carrier, and freight forwarder, AC ¶¶ 29-30; C.J. is a broker, carrier, and freight forwarder, *id.* ¶¶ 43-44; Maverick is a motor carrier, *id.* ¶ 54; and TMCA is a broker, carrier, and freight forwarder, *id.* ¶¶ 65-66. Based on these allegations, Plaintiff's state claims are preempted by both the Carmack Act and the

FAAAA.[3]  Accordingly, Counts Five through Twenty-Nine are dismissed.[4]  *See Surplus Afr. Foods, LLC v. Air France*, Civ. No. 17-7105, 2018 WL 372169, at *2-3 (D.N.J. Jan. 11, 2018) (dismissing the plaintiff's common law claims because they were preempted by the Carmack Amendment and the FAAAA).

For the foregoing reasons, the state claims are dismissed with prejudice.

### C. Statute of Limitations

Centrans contends that Plaintiff's claims against it are governed by federal maritime law, and that any claims based on federal maritime law are time-barred.  Centrans Br. at 9-12; 14-16.  Centrans relies on the Carriage of Goods by Sea Act ("COGSA"), which "applies to a carrier engaged in the carriage of goods to or from any port in the United States," 46 U.S.C.A. § 30702(a).  Centrans Br. at 9.  COGSA applies from "tackle to tackle," meaning "the period of time when the goods are loaded on to the time when they are discharged from the ship."  46 U.S.C.A. § 1301(e).  Centrans additionally points to the Harter Act, 46 U.S.C. § 30701, *et seq.*, which governs the pre-loading and post-discharge periods until proper delivery is made to the consignee or its agent.  Centrans Br. at 9.  Alternatively, carriers may extend COGSA to apply to the pre-loading and post-discharge periods through a "Clause Paramount" in the bill of lading.  *Royal & Sun All. Ins., PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 142 n.6 (2d Cir. 2010).  Centrans argues that as the

---

[3] Centrans also argues that Plaintiff's state law claims are preempted by federal maritime law. Because the Court dismisses the state law claims on other preemption grounds, it does not reach this argument.  Similarly, the Court does not reach the parties' arguments as to the factual sufficiency of the claims.

[4] TMCA did not file a motion to dismiss or join in another Defendant's motion to dismiss. However, "a court dismissing claims against moving defendants may *sua sponte* dismiss claims against non-moving defendants." *Eun Ju Song v. Bank of Am., N.A.*, Civ. No. 14-3204, 2015 WL 248436, at *3 (D.N.J. Jan. 20, 2015) (dismissing claims against non-moving defendants with prejudice).

9

"Forwarding Agent," it is afforded the protections of COGSA and the Harter Act through the bill of lading's "Himalaya Clause," which extends those protections to a carrier's agents and subcontractors. Centrans Br. at 12.

As to the timeliness of Plaintiff's claims, Centrans argues that IMG's claims based on federal maritime law are barred by Section 6(4)(G) of the bill of lading, which provides: "The Carrier shall be discharged of all liability unless suit is brought in the proper forum and written notice thereof received by the Carrier within nine months after delivery of the Goods or the date when the Goods should have been delivered." *Id.* at 14.  Centrans continues that, alternatively, Plaintiff's claims are time-barred by COGSA's one-year statute of limitations, which applies to the post-discharge period through the bill of lading's Clause Paramount. *Id.* at 15. According to Centrans, "no matter which limitation period applies…any claim asserted by IMG against Centrans would be time-barred by operation of the Himalaya Clause." *Id*.

"The statute of limitations is technically an affirmative defense which must be pled in an answer." *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 526 (D.N.J. 2017) (citing Fed. R. Civ. P. 8(c)(1)).  A complaint may be dismissed on statute of limitations grounds on a Rule 12(b)(6) motion "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation omitted).  In other words, dismissal on this ground is appropriate "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017).

Here, it is not apparent on the face of the Amended Complaint that Plaintiff's claims are barred by the statute of limitations.  Whether the limitations period set forth in Section 6(4)(G) of the bill of lading applies to Centrans cannot be ascertained by reference to the Amended

10

Complaint. By Centrans' own contention, the bill of lading's nine-month limitation period only extends to Centrans if, as the Forwarding Agent, it is covered by the Himalaya Clause. The Himalaya Clause is not contained within the Amended Complaint or the documents attached thereto, and the Court is not convinced that it may properly consider the bill of lading's terms containing the Himalaya Clause submitted with Centrans' motion to dismiss.[5] Even assuming the Court may consider the bill of lading's terms, determining whether the Himalaya Clause applies to Centrans would additionally require examination of Centrans' role in the shipment in relation to IMG and the carrier, which is a factual inquiry that cannot be resolved by considering "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Further, whether COGSA's one-year limitation period applies is not apparent on the face of the Amended Complaint. Plaintiff does not assert any claims under COGSA, and whether COGSA's statute of limitations applies to the post-discharge period through the Clause Paramount—as Centrans contends—cannot be determined by reference to the Amended Complaint. Indeed, Centrans' own briefing represents that whether COGSA or the Harter Act

---

[5] Centrans claims that the Court may take judicial notice of the bill of lading terms because they are required by federal statute and regulation to be published in a Non-Vessel-Operating Common Carrier's tariff. Centrans Br. at 11. However, the Court is not convinced such a document qualifies as a public record. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (noting that courts have defined a public record for purposes of what may be considered on a motion to dismiss to include criminal case dispositions, decisions of government agencies, and published reports of administrative bodies). The cases cited by Centrans establish that public records include information made publicly available by government entities, *Vanderklok v. United State*s, 868 F.3d 189, 205 (3d Cir. 2017), and "public documents required by law to be and which actually have been filed with [a government entity]," *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). It is not apparent to the Court that a Non-Vessel-Operating Common Carrier tariff falls within any of the stated categories.

applies to the post-discharge period depends upon whether the two statutes are in conflict, again an inquiry that cannot be answered at this stage. *See* Centrans Br. at 9-10.

In sum, the statute of limitations defense raised by Centrans is not apparent on the face of the Amended Complaint. Therefore, without deciding whether federal maritime law applies to Plaintiff's claims against Centrans, the Court finds that dismissal of these claims on statute of limitations grounds is not warranted at this stage.

### D. Exoneration Clause

Centrans further argues that IMG's claims are barred by an exoneration clause in the bill of lading.[6] Centrans Br. at 13-14. Centrans contends that it is insulated from IMG's claims under Section 5(2) of the bill of lading, which constitutes a "covenant not to sue a carrier's servants, agents, or subcontractors." *Id.* at 14. For the same reasons discussed above, the Court will not consider the bill of lading terms containing the exoneration clause at this stage in the proceedings. Moreover, "[c]ovenants not to sue, like a waiver or a claims release, provide an affirmative defense." *Rupert v. PPG Indus., Inc.*, Civ. No. 07-0705, 2009 WL 596014, at *41 (W.D. Pa. Feb. 26, 2009). Because "an affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6)," the Court will not dismiss Plaintiff's claims on the basis of the bill of lading's exoneration clause. *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004); *see also In re Tower Air, Inc.*, 416 F.3d 229, 242 (3d Cir. 2005) (declining to address the issue of an exculpatory charter provision because it "appear[ed] to be in the nature of an affirmative defense," which "generally will not form the basis for dismissal under Rule 12(b)(6)"). Even assuming the Court could properly consider Centrans' exoneration clause argument on a Rule 12(b)(6) motion

---

[6] Maverick joins in this portion of Centrans' motion. D.E. 63 at 1.

to dismiss, it appears that whether the clause applies turns on whether Centrans qualifies as a servant, agent, or subcontractor of the carrier, *see* Centrans Br. at 14, which is a factual inquiry inappropriate for the motion to dismiss stage. *See Hartford Fire Ins. Co.*, 2017 WL 3868702, at *2.

### E. Centrans' Motion to Dismiss Crossclaims

Centrans also moved to dismiss the crossclaims by APM, Maverick, and C.J. D.E. 18. Centrans then renewed its motion. D.E. 73.[7] Centrans argues that the crossclaims do not meet the pleading requirements of Rule 8 because they are factually unsupported and constitute improper group pleading. Centrans Crossclaims Br. at 29-30.

Maverick's crossclaim against APM, Centrans, C.J., P&A Transportation, LLC ("P&A"), and D2 Logistics, Inc. ("D2") asserts the following:

> "If the shipment in suit was damaged as set forth in the Complaint…then the loss or damage was proximately caused by the negligence, breach of contract (express or implied), breach of warranty (express or implied), or fault or omission of Co-Defendants [APM], [Centrans], [C.J.], [P&A], and [D2], or any of them, in whole or in part, and not due to any fault, omission, negligence or breach of contract or breach of warranty on the part of Maverick."

D.E. 10 at 17. Maverick also alleges that it "is entitled to recover indemnity and/or contribution from [its Co-Defendants], or any of them," for any sums recovered against Maverick and attorneys' fees and costs. *Id.*

C.J.'s crossclaim against APM, Centrans, Maverick, P&A, and D2 alleges the following:

> "If the shipment in suit was damaged as set forth in the Complaint…then the loss or damage was proximately caused by the negligence, breach of contract (express or implied), breach of warranty (express or implied), or fault or omission of Co-

---

[7] IMG's Amended Complaint seeks no relief from APM. Therefore, APM's crossclaim is now moot, and the Court does not address Centrans' arguments as to APM.

> Defendants [Centrans], [APM], [Maverick], [P&A], and [D2], or any of them, in whole or in part, and not due to any fault, omission, negligence or breach of contract or breach of warranty on the part of C.J."

D.E. 12 at 6. C.J. further claims that it "is entitled to recover indemnity and/or contribution from [its Co-Defendants], or any of them," for any sums recovered against C.J. and attorneys' fees and costs. *Id.*

The crossclaims are clearly not plausibly pled, consisting solely of conclusory statements. Moreover, "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Shaw v. Hous. Auth. of Camden*, Civ. No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012). Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* A claim that contains "impermissibly vague group pleading" will be dismissed. *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).

Here, both Maverick and C.J. fail to satisfy the basic pleading requirement of providing adequate notice to each Co-Defendant of the specific claims against it. Their crossclaims are brought collectively against Centrans and the other Co-Defendants and fail to specify the personal involvement of any Co-Defendant. Accordingly, Maverick's and C.J.'s crossclaims against Centrans are dismissed. *See D'Addario v. Johnson & Johnson*, Civ. No. 19-15627, 2020 WL 3546750, at *6 (D.N.J. June 30, 2020) (dismissing claims for impermissible group pleading because "Plaintiffs' Complaint broadly alleges Defendants' misconduct but fails to allege the conduct for which each defendant is culpable").

### F. Maverick's Motion for Judgment on the Pleadings

Prior to Plaintiff's submission of the Amended Complaint, Maverick moved for joinder to Centrans' motion to dismiss the Complaint and for judgment on the pleadings. D.E. 30. Following the submission of the Amended Complaint and pursuant to the Court's June 16, 2021 Order, D.E. 46, Maverick renewed its motion by letter, D.E. 56.[8] In renewing its motion, Maverick represented that it was no longer asserting the arguments related to improper group pleading or the lack of particularity in Plaintiff's fraud claims. D.E. 56 at 1 n.2. Accordingly, the Court does not address those arguments. Additionally, as set forth in the Court's August 24, 2021 Order, D.E. 74, the Court does not address any new arguments raised in Maverick's letter not set forth in Maverick's original motion.

What remains is Maverick's argument that Plaintiff's state law claims are preempted by federal law. Maverick Br. at 3-8. As discussed above, the Court finds that IMG's state law claims are preempted by the Carmack Amendment and the FAAAA and consequently must be dismissed. Accordingly, the Court does not address the preemption argument set forth in Maverick's motion for judgment on the pleadings, as the Court granted the motion to dismiss on the same grounds.

### IV.  CONCLUSION

For the reasons set forth above, the motions to dismiss Plaintiff's Amended Complaint are **GRANTED in part** and **DENIED in part**. The dismissal of Counts Five through Twenty-Nine of the Amended Complaint is **with prejudice** as those claims are preempted. Centrans' motion to dismiss the crossclaims brought by Maverick and C.J. is **GRANTED**. The dismissal of the crossclaims is **without prejudice**, and Maverick and C.J. shall have thirty (30) days to file

---

[8] Because Centrans has since filed an updated motion to dismiss based on the allegations in the Amended Complaint, D.E. 61, the portion of Maverick's motion seeking to join Centrans' motion to dismiss is now moot.

amended crossclaims curing the deficiencies noted herein. If they do not file amended crossclaims within that time, the crossclaims dismissed without prejudice will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: February 17, 2022

_____
John Michael Vazquez, U.S.D.J.